[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11743

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

UNTARIUS DEMONT ALEXANDER,

Defendant-Appellant.

_____

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 1:20-cr-20224-MGC-1

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Untarius Demont Alexander appeals following his convictions for conspiracy to commit Hobbs Act robbery (Count 1), attempted Hobbs Act robbery (Count 2), and brandishing and discharging a firearm in furtherance of a crime of violence (Count 3). The government has moved for summary reversal, arguing that we should vacate Alexander's conviction and sentence as to Count 3—the count associated with Alexander's attempted Hobbs Act robbery. It also contends that we should vacate the district court's sentences as to the other two counts and order a *de novo* resentencing under the "sentencing-package" doctrine. We agree.

I

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Zhang v. U.S. Att'y Gen.*, No. 21-14355, 2023 WL 3736046, at *1 (11th Cir.

May 31, 2023) (*quoting Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)).  We review de novo questions of statutory interpretation.  *United States v. Garcon*, 54 F.4th 1274, 1277 (11th Cir. 2022) (en banc).

In *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019), the Supreme Court invalidated 18 U.S.C. § 924(c)(3)(B)'s residual clause, which had defined a "crime of violence" as any crime that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," as unconstitutionally vague under the due-process and separation-of-powers principles.  *Id.* at 2336.

Significantly, the Supreme Court decided *United States v. Taylor*, 142 S. Ct. 2015 (2022), in June 2022, while Alexander's appeal was pending.  In that case, Justice Gorsuch's majority resolved a circuit split and held that attempted Hobbs Act robbery did not qualify as a predicate "crime of violence" under § 924(c)(3)(A)'s "elements clause," which "cover[ed] offenses that [had] as an element the use, attempted use, or threatened use of physical force against the person or property of another."  *Taylor*, 142 S. Ct. at 2019.  At the outset, the Court noted that, under the applicable categorical approach, the facts of a particular defendant's case were immaterial because the "only relevant question [was] whether the federal felony at issue always require[d] the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force."  *Id.* at 2020.

The Court then explained that, to prove attempted Hobbs Act robbery, the government must show that the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force and completed a "substantial step" toward that end. *Id.* Justice Gorsuch emphasized, however, that while the government would have to show that the defendant took an "unequivocal" and "significant" step towards committing robbery, it need not show that the defendant actually used, attempted to use, or even threatened to use force, as required by § 924(c). *Id.* at 2020–21. And he stressed that "an intention to take property by force or threat, along with a substantial step toward achieving that object, . . . is just that, no more." *Id.* at 2020. For example, a defendant who was apprehended before reaching his robbery victim could be convicted of attempted Hobbs Act robbery, even though he has not yet engaged in threatening conduct, so long as the government had other evidence of his intent and a substantial step. *Id.* at 2020–21. Therefore, the Court concluded that attempted Hobbs Act robbery was not a "crime of violence" under the text of § 924(c)(3)(A). *Id.* at 2021.

*Taylor* further emphasized that the "elements clause does not ask whether the defendant committed a crime of violence *or* attempted to commit one," but rather "asks whether the defendant *did* commit a crime of violence." *Id.* at 2022 (emphasis in original). The Court concluded that, had Congress intended the elements clause to encompass attempted crimes of violence, it could have explicitly included attempt in its definition. *Id.* Ultimately, the Supreme Court affirmed the Fourth Circuit's decision to reverse and

remand Taylor's enhanced sentence. *Id.* at 2019–20, 2025–26. In so holding, *Taylor* rejected the government's argument—which we had adopted in *United States v. St. Hubert*, that because a completed Hobbs Act robbery qualifies as a crime of violence, an attempted Hobbs Act robbery must qualify as well. *Taylor*, 142 S. Ct. at 2021–22 (citing *United States v. St. Hubert*, 909 F.3d 335, 352–53 (11th Cir. 2018)).

## II

The "sentencing-package" doctrine is a judicial practice that permits a district court to resentence a defendant on all counts of conviction where one of the counts of conviction was vacated, either through direct appeal or a § 2255 proceeding. *United States v. Fowler*, 749 F.3d 1010, 1015–16 (11th Cir. 2014). "[W]hen a conviction on one or more of the component counts is vacated for good, the district court should be free to reconstruct the sentencing package . . . to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances." *Id.* At resentencing, "[t]he sentence package that has been unpackaged by a reversal is to be repackaged at resentencing using the guidelines and the § 3553(a) factors." *Id.* at 1016.

We have also recognized that it is "anomalous to reverse some convictions and not others when all defendants suffer from the same error." *See United States v. Gray*, 626 F.2d 494, 497 (5th Cir. 1980).

### III

Here, for the reasons the Supreme Court noted in *Taylor*, the facts of Alexander's individual case are immaterial, and the only relevant question is whether attempted Hobbs Act robbery was used as a predicate "crime of violence" under § 924(c)(3)(A)'s elements clause. *Taylor*, 142 S. Ct. at 2020–21. In Count 2 of the indictment, Alexander was charged with attempted Hobbs Act robbery, and the § 924(c) offense in Count 3 referenced Count 2 as the associated predicate "crime of violence." After *Davis* and *Taylor*, attempted Hobbs Act robbery no longer qualifies as a "crime of violence," either under the residual clause in § 924(c)(3)(B) or the elements clause in § 924(c)(3)(A). *See Taylor*, 142 S. Ct. at 2020–21; *Davis*, 139 S. Ct. at 2324, 2336. Moreover, the government has already acknowledged that a conviction of Alexander's codefendant, Hamilton, on that count was improper for the same reason, and the district court then dismissed that count before sentencing him, so it would be anomalous for us to not provide the district court an opportunity to do the same in Alexander's case. *See Gray*, 626 F.2d at 497.

Importantly, the government correctly concedes that, under *Taylor*, Alexander's conviction and sentence for Count 3 is unlawful. Because one of the component counts should be vacated for good, the district court should be free to reconstruct Alexander's sentence using the guidelines and the § 3553(a) factors so that it remains proper in light of all the circumstances. *Fowler*, 749 F.3d at 1015–16. Therefore, because the government's position is clearly

22-11743                Opinion of the Court                    7

correct as a matter of law, we vacate Alexander's conviction on Count 3 and remand for resentencing on the remaining counts. *Zhang,* No. 21-14355 at *1.

**VACATED AND REMANDED.**